UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | Case No.  21-cv-02664-JD |
| Plaintiff, | |
| v. | **ORDER RE DEFAULT JUDGMENT** |
| IZAAN, LLC, | |
| Defendant. | |

Plaintiff Scott Johnson is a quadriplegic and requires a wheelchair for mobility.  Dkt. No. 1 ¶ 1.  He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 (Unruh Act), against defendant Izaan, LLC, the alleged owner of New Tandoori Café, a restaurant in San Jose, California.  *Id.* ¶¶ 2-3.  Johnson asserts that the New Tandoori Café "lack[s] . . . sufficient knee or toe clearance under the outside dining surfaces for wheelchair users."  *Id.* ¶ 12.

Izaan has not appeared in the case, and at Johnson's request, the Clerk of Court has entered default as to Izaan.  Dkt. No. 16.  Johnson has moved for default judgment.  Dkt. No. 17.  The motion is granted in part.

## DISCUSSION

### I.    JURISDICTION & SERVICE

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case."  *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)).  Johnson's claims for violations of the ADA present a federal question, and the Court has supplemental jurisdiction over the state law claims.  28 U.S.C. §§ 1331, 1367(a).  The Court has personal jurisdiction over Izaan, which is a limited liability

United States District Court
Northern District of California

United States District Court
Northern District of California

company incorporated in California.  Dkt. No. 17-7 at ECF pp. 3-4.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Johnson filed a proof of service indicating that the summons and complaint were properly served by substituted service by a registered California process server.  Dkt. No. 13.

The Court also considers whether Johnson has Article III standing to pursue his claims.  "A plaintiff must demonstrate standing to sue by alleging the 'irreducible constitutional minimum' of (1) an 'injury in fact' (2) that is 'fairly traceable to the challenged conduct of the defendants' and (3) 'likely to be redressed by a favorable decision.'"  *Strojnik v. 574 Escuela, LLC*, No. 18-cv-06777-JD, 2020 WL 1557434, at *1 (N.D. Cal. Mar. 31, 2020) (quoting *Spokeo v. Robins*, 578 U.S. 330, 338 (2016)).  Johnson's complaint alleges that he went to New Tandoori Café in October 2020 and there were no wheelchair-accessible outside dining surfaces with sufficient knee and toe clearance.  Dkt. No. 1 ¶¶ 8-12.  He claims that he personally encountered this problem, and that this "failure to provide accessible facilities created difficulty and discomfort" for him.  *Id*. ¶¶ 8, 12, 15, 17.  He also claims that "will return" to the restaurant but is "currently deterred from doing so because of his knowledge of the existing barriers."  *Id*. ¶ 20.  These allegations are adequate to confer standing.  *See Strojnik*, 2020 WL 1557434, at *2 ("An ADA plaintiff meets these standards if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury.'") (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (en banc)).

## II.  DEFAULT JUDGMENT

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action."  *See FormFactor*, 2015 WL 1870236, at *2.  "'The district court's decision whether to enter a default judgment is a discretionary one.'"  *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts,

(6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

To state a Title III discrimination claim, a "'plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.'" *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). Johnson has clearly made the first two showings. The complaint alleges that he is a "level C-5 quadriplegic," he requires a wheelchair for mobility, and he has a "specially equipped van." Dkt. No. 1 ¶ 1. It also asserts that New Tandoori Café is a business establishment open to the public. *Id.* ¶ 9.

The complaint also adequately alleges that Johnson was denied public accommodations because of his disability. "Discrimination under Title III of the ADA specifically includes 'a failure to *remove* architectural barriers . . . in existing facilities . . . where such removal is *readily achievable*.'" *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv); emphasis in original). The complaint alleges that Izaan "failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards" at New Tandoori Café, and "[o]ne problem that plaintiff encountered is the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users." Dkt. No. 1 ¶¶ 10, 12; *see also* Dkt. No. 17-4 (Johnson decl.); Dkt. No. 17-5 (Marquis declaration). The complaint also asserts that these barriers "are easily removed without much difficulty or expense" and that "[t]hey are the types of barriers identified by the Department of Justice as presumably readily achievable

to remove."  Dkt. No. 1 ¶ 19; *see also* Dkt. No. 17-1 at 10 ("Based on research and experience, the average cost of two ADA-compliant dining tables is between $350-$800.").  These allegations are sufficient at the default judgment stage to plead Johnson's ADA claim.  Because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731, Johnson has also sufficiently alleged an Unruh Act claim.

The other *Eitel* factors also favor entry of default judgment.  Johnson will be prejudiced if default judgment is not granted because he will remain subject to the physical barriers at New Tandoori Café.  The amount of money at stake here (Johnson seeks $6,895, equaling $4,000 in damages and $2,895 in attorneys' fees and costs) is not grossly disproportionate in relation to defendant's conduct.  And because Izaan has not appeared despite proper service, there is "no indication that [the] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible."  *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-cv-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014).

## III.   THE RELIEF

Johnson requests statutory damages, attorneys' fees, and costs.  Dkt. No. 17 at 2.  He also seeks an order directing Izaan to provide wheelchair-accessible dining surfaces "at the property located at 5134 Stevens Creek Rd, San Jose, California."  *Id.*

### A.   Statutory Damages

Under the Unruh Act, "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).  This provision is "intended to allow persons injured by a violation of the ADA to seek the full range of remedies provided under the Unruh Act, including injunctive relief, actual damages (in some cases treble damages), and a minimum statutory award of $4,000 per violation."  *Skaff v. Rio Nido Roadhouse*, 55 Cal. App. 5th 522, 535 (2020).

Johnson seeks a single statutory award of $4,000 against Izaan.  Dkt. No. 17-1 at 11.  The request is granted.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.    Injunctive Relief

The ADA authorizes plaintiffs who have "suffered discrimination in the form of a refusal to remove architectural barriers" to pursue "injunctive relief including 'an order to alter facilities to make such facilities readily accessible . . . and usable.'"  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043 (9th Cir. 2008) (quoting 42 U.S.C. § 12188(a)(2)).  Injunctive relief is appropriate to ensure that Johnson and similarly situated persons can access New Tandoori Café.  Accordingly, an injunction will issue, as described below.

### C.    Attorneys' Fees, Costs, and Interest

Under the ADA, the Court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.  Johnson seeks $2,060 in attorneys' fees.  Dkt. No. 17-1 at 14.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Johnson's attorneys provided time records, which present in a lodestar format the time spent on specific tasks by each lawyer and paralegal, and the amount billed for these tasks.  Dkt. No. 17-3 at ECF pp. 9-11.  The Court's review of the attorney time entries shows that they were largely consistent with acceptable practices in terms of detail and specificity.  The timesheets submitted by Johnson show that 9.1 hours were billed for the case, which falls within a reasonable range for this type of litigation.  *See Johnson v. Huong-Que Rest.*, No. 21-cv-04133-BLF, 2022 WL 658973, at *5 (N.D. Cal. Mar. 4, 2022).

That said, the hourly rates sought by Johnson are unreasonable.  He seeks $650 per hour for attorney Mark Potter, who has 25 years of experience; $500 per hour for Amanda Seabock, who graduated from law school in 2011; $400 per hour for Faythe Gutierrez, Josie Zimmerman, and Tehniat Zaman, who graduated from law school in 2015, 2018, and 2015, respectively.[1]  Dkt. No. 17-3 ¶¶ 2-7.  These rates exceed the norm: "for attorneys with approximately 20 or more years of experience, courts in this district have generally approved hourly rates ranging from $350 to

---

[1] The Court notes that this is an unusually large number of attorneys for a case of this size, and that the size of the team may have invited some inefficiencies in time spent.

United States District Court
Northern District of California

1   $495 in disability cases." *Huong-Que Rest.*, 2022 WL 658973, at *5.  This is not an exceptional

2   case that would warrant higher rates.  The Court finds as reasonable the rates set out in *Huong-*

3   *Que Restaurant*, and thus awards $475 per hour for Potter, $350 per hour for Seabock, and $250

4   per hour for Gutierrez, Zimmerman, and Zaman.  The Court also finds as reasonable the rate of

5   $100 per hour for Mark Handy and the other legal assistants who billed time to this case.  The

6   resulting attorney fee award is $1,475.

7         Johnson also requests $835 in costs.  Dkt. No. 17-1 at 21.  Included in this request is $400

8   for investigative costs.  *Id.*  However, neither Johnson nor the investigator have provided any

9   documentation supporting that request.  Absent documentation, the Court finds that $100 is a

10   reasonable hourly rate for this investigative work, and that the work could be performed within an

11   hour.  Dkt. No. 17-6 (photos provided by investigator, with timestamps spanning 1 minute).

12   Consequently, the Court awards $100 as investigative costs, for a total of $535 in costs.

13   **CONCLUSION**

14         Johnson's motion for default judgment is granted in part.  He is awarded $4,000.00 in

15   statutory damages and $2,010 in attorneys' fees and costs.  For injunctive relief, defendant Izaan,

16   LLC is ordered to provide wheelchair-accessible dining surfaces at the property located at 5134

17   Stevens Creek Road, San Jose, California.  Johnson will promptly serve Izaan with this order and

18   file a proof of service on the docket.

19         **IT IS SO ORDERED.**

20   Dated:  September 30, 2022

23   _____
JAMES DONATO
United States District Judge